# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERCA, | |
| Plaintiff, | 3:11-cv-00796-RCJ-WGC |
| vs. | **ORDER** |
| PETER JAN DEANGELI AND DEANGELI FAMILY TRUST, | |
| Defendants. | |

This case arises from alleged violations of the Fair Housing Act. Pending before the Court is the Government's Motion to Extend Court's Jurisdiction Over Consent Decree for Six Months (ECF No. 35). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

On October 16, 2013, the Court issued a consent decree resolving the claims in the case. (Consent Decree, ECF No. 30). With the decree, Defendants agreed to abide by the Fair Housing Act and to comply with specific requirements to achieve compliance. The decree also gave the Court subject-matter jurisdiction over the action for a period of two years, effective October 16, 2013. (*Id.* ¶¶ 21–22). As a result, the Court's jurisdiction terminated on October 16, 2015. The Government moves the Court to extend its jurisdiction over the action for six months—until April 16, 2016.

///

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from a judgment or order if "applying it prospectively is no longer equitable." "[T]he Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo* v. *Inmates of Suffolk County Jail,* 502 U.S. 367, 384 (1992)). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once a party carries this burden, a court abuses its discretion 'when it refuses to modify an injunction or consent decree in light of such changes.'" *Id.* (quoting *Agostini v. Felton,* 521 U.S. 203, 215 (1997)) (internal citations omitted); *see also United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th Cir. 2005). Rule 60(b)(6) also permits relief from a judgment or order for "any other reason that justifies relief."

## III. ANALYSIS

The Government moves the Court to modify the consent decree by extending its jurisdiction for an additional six months. The Government's only argument is that it "has not yet received confirmation from Defendants that they have complied with . . . the Consent Decree" and that additional time is necessary "for Defendants to show that they have complied with the Consent Decree's terms." (Mot., 2). Defendants have not filed a response to the motion.

The Government has provided no evidence of a significant change in the factual conditions or the law requiring a modification of the consent decree. In addition, the Court finds no other reason to modify the decree. The case involves only two defendants and one apartment building. The obligations imposed on the parties were not onerous and did not require extensive time to complete. The Court denies the motion.

**CONCLUSION**

IT IS HEREBY ORDERED that the Government's Motion to Extend Court's Jurisdiction Over Consent Decree for Six Months (ECF No. 35) is DENIED.

IT IS SO ORDERED.

DATED: This 10th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge